UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-20640-UU

THE FERRARO LAW FIRM, P.A.,
  a Florida professional association,

        Plaintiff,

vs.

TIMOTHY D. SCRANTOM, ESQ.,
SCRANTOM DULLES INTERNATIONAL,
  PLLC, a South Carolina professional limited
  liability company,
TEN STATE INTERNATIONAL LAW, PLLC, a
  South Carolina professional limited liability
  company, and
KENNETH PLATT ELDER,

        Defendants.
_____/

## PLAINTIFF'S NOTICE OF COMPLIANCE
## WITH COURT'S ORDER TO SHOW CAUSE

Plaintiff, THE FERRARO LAW FIRM, P.A., a Florida professional association, by and through undersigned counsel, and in compliance with the Court's Order to Show Cause (D.E. 7), hereby files its Notice of Compliance with the Court's Order. As grounds in support thereof, Plaintiff states as follows:

1. In its Order to Show Cause, the Court indicated that it was not satisfied that the Plaintiff, in its initial Complaint (D.E. 1), sufficiently alleged complete diversity for purposes of the Court exercising its subject-matter jurisdiction in this matter because Plaintiff failed to list the citizenships of all the members of the limited liability company Defendants. *See* Order at Page 1 (citing *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir.

2004) ("To sufficiently alleg[e] the citizenships of… unincorporated business entities, a party must list the citizenships of all members of the limited liability company[.]")).

2. In compliance with the Court's Order and to cure this jurisdictional deficiency[1], Plaintiff, contemporaneously herewith, filed its First Amended Complaint and Demand for Jury Trial for Declaratory Judgment as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)[2]. *See* First Amended Complaint (D.E. 9).

3. The Fist Amended Complaint specifically alleges as follows:

   a. Plaintiff, THE FERRARO LAW FIRM, P.A., at all times material, was and is a Florida professional association, incorporated and existing under the laws of the State of Florida, with its principal place of business located at 600 Brickell Avenue, 38th Floor, Miami, Florida, and is otherwise a citizen of the State of Florida. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). *Id.* at ¶ 3.

   b. Defendant, TIMOTHY D. SCRANTOM, ESQ. (hereinafter referred to as "SCRANTOM"), at all times material, is a natural person of full age of majority who is a citizen of the State of South Carolina, resides in Mt. Pleasant, South Carolina, and is otherwise *sui juris*. *Id.* at ¶ 4.

   c. SCRANTOM DULLES INTERNATIONAL, PLLC (hereinafter referred to as "SCRANTOM DULLES"), at all times material, was and is a professional limited liability

---

[1] Pursuant to 28 U.S.C. § 1653, defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

[2] The initial Complaint in this matter was filed on February 17, 2017, and no Defendant has been served with the initial Complaint prior to filing of the First Amended Complaint.

company organized and existing under the laws of the District of Columbia, with its principal place of business located at 90 East Bay Street, Charleston, South Carolina. *Id.* at ¶ 8.

        d.        Upon information and belief, and at all times material, the constituent members of Defendant SCRANTOM DULLES were and are:

        a.        Defendant Timothy D. Scrantom, Esq.
                  200 Bank Street
                  Mt. Pleasant, South Carolina 29464

        b.        Frederick H. Dulles, Esq.
                  90 East Bay Street
                  Charleston, South Carolina 29401

*Id.* at ¶ 9.

        e.        Upon further information and belief, the Defendant SCRANTOM and Mr. Dulles, as the constituent members of Defendant SCRANTOM DULLES, at all times material, were and are citizens of the State of South Carolina. *Id.* at ¶ 10.

        f.        Based on the allegations set forth in Paragraphs 9 – 10, above, Defendant SCRANTOM DULLES, at all times material, was and is a citizen of the State of South Carolina. *See Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304, 1305 (11th Cir. 2011); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "a limited liability company is a citizen of any state of which a member of the company is a citizen"). *Id.* at ¶ 11.

        g.        TEN STATE INTERNATIONAL LAW, PLLC (hereinafter referred to as "TEN STATE INTERNATIONAL LAW"), at all times material, was and is a professional limited liability company organized and existing under the laws of the District of Columbia, with its principal place of business located at 200 Bank Street, Mt. Pleasant, South Carolina. *Id.* at ¶ 16.

   h. Upon information and belief, and at all times material, the constituent member of Defendant TEN STATE INTERNATIONAL LAW was and is:

    a. Defendant Timothy D. Scrantom, Esq.
     200 Bank Street
     Mt. Pleasant, South Carolina 29464

*Id.* at ¶ 17.

   i. Upon further information and belief, Defendant Timothy D. Scrantom, Esq., as the constituent member of Defendant TEN STATE INTERNATIONAL LAW, at all times material, was and is a citizen of the State of South Carolina.  *Id.* at ¶ 18.

   j. Based on the allegations set forth in Paragraphs 17 – 18, above, Defendant TEN STATE INTERNATIONAL LAW, at all times material, was and is a citizen of the State of South Carolina. *See Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304, 1305 (11th Cir. 2011); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "a limited liability company is a citizen of any state of which a member of the company is a citizen").  *Id.* at ¶ 19.

   k. Defendant, KENNETH PLATT ELDER (hereinafter referred to as "ELDER"), at all times material, is a natural person of full age of majority who is a citizen of the State of Michigan, resides in Bloomfield Hills, Michigan, and is otherwise *sui juris*.  *Id.* at ¶ 24.

  4. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Jurisdiction is proper because (1) the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and any attorney fees, and (2) there is complete diversity for purposes of this Court exercising subject-matter jurisdiction because the Plaintiff and each individual Defendant and each constituent member of the unincorporated business Defendants are citizens of different states. *See id.* at ¶ 25; 28 U.S.C. §

1332(a)(1); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304 (11th Cir. 2011); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004).

5.   Based on the foregoing, Plaintiff respectfully submits that this matter should not be dismissed for lack of subject-matter jurisdiction.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 22nd day of February, 2017, I electronically filed the foregoing with the Clerk of Court using CM/ECF.

**THE FERRARO LAW FIRM, P.A.**
*Attorneys for Plaintiff*
Brickell World Plaza
600 Brickell Avenue
38th Floor
Miami, Florida 33131
Telephone (305) 375-0111
Facsimile (305) 379-6222

By:_____
**Janpaul Portal, Esq.**
Florida Bar No.: 0567264
jpp@ferrarolaw.com