**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:17-cv-20640-UU

THE FERRARO LAW FIRM, P.A.,
  a Florida professional association,

   Plaintiff,

vs.

TIMOTHY D. SCRANTOM, ESQ.,
SCRANTOM DULLES INTERNATIONAL,
  PLLC, a South Carolina professional limited
  liability company,
TEN STATE INTERNATIONAL LAW, PLLC, a
  South Carolina professional limited liability
  company, and
KENNETH PLATT ELDER,

   Defendants.
_____/

**PLAINTIFF, THE FERRARO LAW FIRM, P.A.'S, MEMORANDUM OF
LAW IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS**

  Plaintiff, THE FERRARO LAW FIRM, P.A., a Florida professional association, by and through undersigned counsel, and pursuant Federal Rule of Civil Procedure 8(a) and Local Rule 7.1(c), hereby files this, its Memorandum of Law In Opposition to the Defendants, TIMOTHY D. SCRANTOM, ESQ. ("SCRANTOM"), SCRANTOM DULLES INTERNATIONAL, PLLC, a South Carolina professional limited liability company, TEN STATE INTERNATIONAL LAW, PLLC, a South Carolina professional limited liability company, and KENNETH PLATT ELDER's ("ELDER"), (hereinafter collectively referred to as "Defendants") Motion to Dismiss (D.E. 15).

  As grounds in support thereof, Plaintiff states as follows:

I.      **INTRODUCTION**

The Defendants' Motion to Dismiss should be denied in its entirety because: (1) Plaintiff has sufficiently pled that the amount in controversy in this case far exceeds the Court's jurisdictional amount of $75,000 under 28 U.S.C. § 1332(a); (2) all counts in the Amended Complaint (D.E. 9) state a claim for relief under Rule 8(a)(2), Fed. R. Civ. P.; and (3) Defendants are not entitled to absolute immunity by the litigation privilege in this case. *See Ingalsbe v. Stewart Agency, Inc.*, 869 So. 2d 30, 33 – 34 (Fla. 4th DCA 2004).

Accordingly, viewing the Amended Complaint in the light most favorable to the Plaintiff and accepting the veracity of the well-plead factual allegations, the Plaintiff's allegations "plausibly give rise to an entitlement to relief" against the Defendants. *American Dental Association v. Cigna Group*, 650 F.3d 1283, 1290 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff's Amended Complaint contains more than sufficient allegations to state a claim for tortious interference with a business relationship and for declaratory judgment. *See Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385 (11th Cir. 1998) (A complaint should not be dismissed "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief.) (citing *Conley v. Gibson,* 355 U.S. 41, 45 (1957)).

Therefore, Plaintiff submits that the Defendants' Motion to Dismiss should be denied. In the alternative, if the Court requires greater clarity or should the Court grant any portion of the Defendants' Motion, Plaintiff would respectfully request leave to amend its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2)[1].

---

[1] Plaintiff hereby reserves the right to separately file a Motion for Leave to Amend, and to attach its proposed Second Amended Complaint thereto, pursuant to Rules 7(b) and 15(a)(2), Fed. R.

## II. APPLICABLE LEGAL STANDARD

Under the Federal Rules of Civil Procedure, in order to sufficiently state a claim, a complaint need only contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Rule 8(a)(2), Fed. R. Civ. P. In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff and its allegations are taken as true. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Theater v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998), cert. denied, 525 U.S. 1139 (1999).

In deciding a motion to dismiss, the Court should only examine the four corners of the complaint. *Crowell v. Morgan Stanley Dean Witter Services, Co., Inc.*, 87 F.Supp.2d 1287 (S.D. Fla. 2000). As stated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), a plaintiff must state "enough facts to state a claim for relief that is plausible on its face." A claim is facially plausible if the pleadings allege sufficient facts for the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In sum, the question is not whether the plaintiff "will ultimately prevail… but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## III. ARGUMENT

At the outset, Plaintiff submits that this Honorable Court should not look beyond the face of the Amended Complaint and should disregard the Defendants' summary of facts drawn from

---

Civ. P., including, but not limited to, a sum certain for damages well in excess of the court's jurisdictional amount.

3

Elder's AAA Statement of Claim (Mot. at Pages 2 – 3).  The material facts set forth therein are the subject of a significant dispute of fact and law in the pending commercial arbitration matter in the case styled, *Kenneth Platt Elder v. The Ferraro Law Firm, P.A.*, Case No.: 01-15-0006-0909 (AAA). *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (recognizing that a court *may* consider documents beyond the face of the complaint where a plaintiff "refers to a document in its complaint, the document is central to its claim, *its contents are not in dispute*, and the *defendant attaches the document* to its motion to dismiss") (emphasis added); *Harris v. Ivax Corp.,* 182 F.3d 799, n. 2 (11th Cir. 1999) ("But a document central to the complaint that the *defense appends to its motion to dismiss* is also properly considered, *provided that its contents are not in dispute*").  Plaintiff strenuously disputes the veracity of the factual allegations and unsupported legal conclusions set forth by the Defendants in both the Statement of Claim and as incorporated into its summary of facts in the pending Motion to Dismiss.  In addition to being in dispute, the Defendants further failed to attach a copy of the Statement of Claim so that the Court may independently consider whether to exercise its discretion in considering the purported allegations set forth in the AAA Statement of Claim.  As such, the Court should disregard these additional allegations and look to the four corners of the Amended Complaint and the documents attached thereto.

      **A.**     **Amount in Controversy and the Court's Subject Matter Jurisdiction**

As detailed in the Amended Complaint, Plaintiff sufficiently alleged that it has sustained damages in excess of the $75,000 jurisdictional amount for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).  Specifically, Plaintiff alleged the following damages in its Amended Complaint:

    1.    ¶ 25. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Jurisdiction is proper because (1) the matter in controversy exceeds the sum or

4

1. value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and any attorney fees, and (2) there is complete diversity for purposes of this Court exercising subject-matter jurisdiction because the Plaintiff and each individual Defendant and each constituent member of the unincorporated business Defendants are citizens of different states.  28 U.S.C. § 1332(a)(1); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304 (11th Cir. 2011); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004).

2. ¶ 90.  The tortious interference by Defendants SCRANTOM and ELDER has inhibited the ability of THE FERRARO LAW FIRM, P.A. to represent TARS in the life insurance escheatment *Qui Tam* whistleblower action and the firm's work in other matters, because THE FERRARO LAW FIRM, P.A. has had to dedicate a significant amount of time and resources to defend itself in the frivolous Florida arbitration matter brought by Defendants SCRANTOM and ELDER.

3. ¶ 91.  THE FERRARO LAW FIRM, P.A. has a high likelihood of success in the Florida arbitration matter.  As a result, Defendants SCRANTOM and ELDER have threatened to pursue these same claims in a Florida state court and/or other forums in the likely event that THE FERRARO LAW FIRM, P.A. is the prevailing party in the arbitration.  *See* e-mail from Defendant SCRANTOM addressed to the Arbitrator dated February 13, 2017 (**Exhibit E**).

4. ¶ 92.  Accordingly, Defendants SCRANTOM and ELDER's tortious conduct is ongoing and continuing in nature.

5. ¶ 93.  As a result of the frivolous litigation that was commenced by Defendants SCRANTOM and ELDER against THE FERRARO LAW FIRM, P.A., *the firm has incurred legal expenses and costs* in having to defend itself from these baseless claims.

6. ¶ 100.  As a direct and proximate result of Defendant SCRANTOM's tortious conduct described above, THE FERRARO LAW FIRM, P.A. has suffered and continues to suffer damages, including without limitation, attorney's fees and costs for its defense in the Florida arbitration matter and in prosecuting the instant matter, as well as the prospective loss of its contingent fee for legal services rendered to TARS in connection with TARS's life insurance escheatment *Qui Tam* whistleblower action, and its ability to properly represent TARS in the life insurance escheatment *Qui Tam* whistleblower action.  The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. *See also*, Amend. Complt. at ¶¶ 105, 110, 115

Moreover, each of the Wherefore clauses in Counts I – IV of the Amended Complaint specifically allege that the Plaintiff seeks judgment against each of the Defendants "in excess of

Seventy-Five Thousand Dollars ($75,000.00) plus costs, interest and for such other and further relief both at law and in equity to which Plaintiff may show to be justly entitled." *Id.*

Generally, dismissal for failure plead the amount in controversy requirement is appropriate only "where the pleadings make it clear to a legal certainty that the claim is really for less than then jurisdictional amount." *Dibble v. Avrich*, No. 1:14-cv-61264-BB, 2014 WL 5305468, at *5 (S.D. Fla. Oct. 15, 2014) (Bloom, B.) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 805, 807 (11th Cir. 2003). However, "when the jurisdictional amount-in-controversy is not facially apparent from the complaint, a court will permit the use of 'deduction, inference, or other extrapolation of the amount in controversy' and 'may consider facts alleged in the complaint or notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.'" *Id. (*citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir.2010); *see also Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1211 (11th Cir.2007) ("[I]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the Court has jurisdiction."). "Although Plaintiff bears the burden of establishing the amount in controversy requirement, this burden is not onerous. It merely requires that Plaintiff convince this Court that it is more likely than not that the pleading satisfies the jurisdictional minimum." *Id.* (citing *Company Prop. & Cas. Ins. Co. v. Metal Roofing Sys.,* 2013 WL 5770730, at *3 (S.D. Fla. Oct.24, 2013).

Based on the foregoing, Plaintiff submits that as of this date it has incurred attorney's fees and costs well in excess of the $75,000 amount in controversy requirement, including, but not limited to, over seven hundred seventy-four (774) hours of attorney and paralegal time at a cost ranging from $100 to $1,050 per hour, depending on the timekeeper, in defending itself for its

defense in the Florida arbitration matter alone. This amount alone, which is excess of $500,000, clearly establishes that the amount in controversy requirement is satisfied. *See Pretka,* 608 F.3d at 754.

Lastly, while the Defendants correctly point out that the Plaintiff has filed a Motion for Attorney's Fees and Costs as the prevailing party in the pending arbitration matter, Defendant Elder has filed an opposition claiming that the Plaintiff is not entitled the recovery of attorney's fees and costs because the fee shifting provision in the arbitration clause is inapplicable to the arbitration. *See* Exhibit E to the Amend. Complt. Assuming *arguendo*, that Elder prevails in this argument, then this lawsuit is the only recourse left to the Plaintiff to recover for the damages it has sustained as a direct and proximate result of the Defendants' tortious interference.

### B. All Counts of the Amended Complaint State Claims Upon Which Relief Can Be Granted

Counts I – IV of the Amended Complaint state claims for tortious interference with a business relationship and Count V properly sets forth a claim for Declaratory Judgment.

As set forth by this Court in *Enteris Biopharma, Inc. v. Clinical Pharmacology of Miami, Inc.*, No.: 1:14-cv-22770, 2015 WL 12085848, at *10, 11 (S.D. Fla. March 20, 2015):

> In order to state a claim for tortious interference with a business relation, [plaintiff] is required to show: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship."
>
> ***
>
> In order to establish causation, a "plaintiff must plead and prove that the defendant manifested a specific intent to interfere with the business relationship."

(Internal citations omitted).

In the case at bar, Plaintiff alleges that Defendant SCRANTOM was the architect of a scheme devised to collude with Defendant ELDER in a concerted effort to deprive THE FERRARO LAW FIRM, P.A. of its contingent fee for legal services rendered to TARS in connection with TARS's life insurance escheatment *Qui Tam* whistleblower action.  *See* Amend. Complt. at 75.  Neither SCRANTOM nor ELDER were parties to the *Qui Tam* whistleblower contract between TARS and the Plaintiff.  In contrast, SCRANTOM as the broker for the litigation settlement funding deal on behalf of ELDER, in collusion with ELDER devised this scheme, which amounts to a legal "shakedown" in an effort to deprive the Plaintiff of its contingent attorney fee in the *Qui Tam* whistleblower action.  As a direct and proximate result of this tortious conduct, Plaintiff sustained damages as set forth above.

### C.     Defendants are Not Entitled to Absolute Immunity

Lastly, as set forth in *See Ingalsbe v. Stewart Agency, Inc.*, 869 So. 2d 30, 33 – 34 (Fla. 4th DCA 2004), the Defendants' conduct in this case is not subject to the absolute immunity bar.

Based on the foregoing, the Defendants' Motion to Dismiss should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 3rd day of April, 2017, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send electronic notification to all counsel of record.

                **THE FERRARO LAW FIRM, P.A.**
                *Attorneys for Plaintiff*
                Brickell World Plaza
                600 Brickell Avenue
                38th Floor
                Miami, Florida 33131
                Telephone (305) 375-0111
                Facsimile (305) 379-6222

By:_____
                **Janpaul Portal, Esq.**
                Florida Bar No.: 0567264
                jpp@ferrarolaw.com